IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHNNY JONES, 1171680,<br>    Petitioner, | )<br>)<br>) |
| v. | )   No. 3:07-CV-699-B<br>)         ECF |
| NATHANIEL QUARTERMAN, Director,<br>TDCJ-CID,<br>    Respondent. | )<br>)<br>) |

**AMENDED FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Procedural Background**

Petitioner challenges his convictions for aggravated assault and aggravated sexual assault, enhanced with two prior felony convictions. *State of Texas v. Johnny Jones*, Nos. F-0300919-UM and F-0300920-UN (195th Dist. Ct., Dallas County, Tex., May 21, 2003). A jury found him guilty of both charges and assessed punishment at life in prison for both cases. *Id*. His convictions were affirmed on appeal. *Jones v. State*, Nos. 05-03-00772-CR and 05-03-00773-CR, 2004 WL 2384254 (Tex. App. – Dallas, Oct. 26, 2004, no pet.).

On August 2, 2005, Petitioner filed two state applications for writ of habeas corpus challenging his convictions. *Ex parte Jones*, Nos. 63,342-01 and -02. On January 24, 2007, the Court of Criminal Appeals denied the petitions without written order.

On April 9, 2007, Petitioner filed this federal petition for writ of habeas corpus. He argues:

(1) he received ineffective assistance of trial counsel when his counsel failed to object to the denial of his right to confrontation;

(2) the trial court abused its discretion by allowing hearsay testimony in violation of his right to confrontation;

(3) the evidence was insufficient to support the convictions; and

(4) he received ineffective assistance of appellate counsel when his attorney failed to:

    (a) challenge the sufficiency of the evidence;

    (b) argue there was no identification of Petitioner;

    (c) argue that the trial court lacked jurisdiction;

    (d) raise the claim that Petitioner was denied the right to confrontation; and

    (e) argue that trial errors denied Petitioner a fair trial.

On August 7, 2008, the Court entered findings, conclusions and a recommendation that the petition be denied. On August 15, 2008, Respondent filed objections stating that he does not object to the denial of the petition, but he does argue that claim number two is procedurally barred and that appellate counsel was not deficient. The Court has vacated its August 7, 2008, findings, conclusions and recommendation. The Court now enters its amended findings, conclusions and recommendation that the petition should be denied, Petitioner's claim number two should be procedurally barred, and appellate counsel's performance should not be considered deficient.

## II. Factual Background

The following factual background is taken from the opinion of the Fifth District Court of Appeals.

> Clarence Brown and Mary Holy were friends, both were homeless. One afternoon during rush-hour traffic, Brown was in the area of Central Expressway and Mockingbird Lane when he was told that Holy was being attacked nearby. Brown walked over to the area of a gazebo and saw appellant in the bushes beating Holy. Brown called the police.
>
> Dallas police officer Elaina Perez said the police received a number of calls about the attack. As she arrived on the scene, she saw appellant "pop out of the bushes" with his pants down to his knees. Appellant pulled up his pants, and Perez told him to put up his hands and ordered him out of the bushes. As appellant was walking to Perez, he told her, "She said we could have sex." Perez looked over at the shrub area where appellant had been and noticed somebody lying face down, motionless, with her pants down to her knees. At first, Perez could not tell if the person was alive because she did not respond to any questions and was bleeding heavily from her head. After rolling her over on her back, the woman moaned, and the police called for an ambulance. The woman was identified as Mary Holy. Her head was bloodied, her face swollen, her buttocks bruised, and her shirt torn open. Holy was transported to Parkland Memorial Hospital. The police retrieved a bloody bottle at the scene; DNA showed the blood on the bottle was Holy's.
>
> Holy died of an unrelated illness prior to trial, and the State relied on statements she made to police and a doctor. Senior Corporal Kristin Lapiano talked to Holy at the hospital. Holy told Lapiano that she walked up to appellant and two other men to ask for a light for her cigarette. Appellant punched her in the face, causing her to fall back onto the bushes. Holy told Lapiano appellant dragged her into the bushes, got on top of her, and began beating her in the face and body with a beer bottle. Holy said she could not scream for help because her jaw felt like it had been broken.
>
> Appellant tried to rip off her shirt and continued to hit her. Holy told Lapiano that appellant tried to get her to put his penis inside of her vagina, but she refused. Appellant then put his fingers insider her vagina and then eventually put his penis inside of her vagina. During the assault, appellant continued to punch her and hit her in the face.
>
> At Parkland, Holy was examined by Dr. Robert McCrea, an OB/GYN. McCrea testified that Holy reported she had been sexually assaulted. Holy had bruises on her face and breast. Her pelvic examination was normal, although Dr. McCrea testified that only twenty to twenty-five percent of all confirmed sexual assault victims have any evidence

of visible trauma to the genital area. No sperm was discovered. Holy, who suffered a subdural hematoma, was hospitalized for five days.

*Jones v. State*, Slip Op. at 1-3.

### III. Discussion

**1.     Standard of Review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d)   An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

This amendment applies to all federal habeas corpus petitions which are adjudicated on the merits in state court after April 24, 1996. *See Lindh*, 521 U.S. at 336. The petition in this

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**          Page -4-

case is subject to review under the AEDPA.

## 2. Procedural Bar

Petitioner claims his appellate counsel was ineffective for failing to argue the trial court lacked jurisdiction. Respondent argues this claim is procedurally barred because Petitioner did not raise the claim in state court.

A federal court will ordinarily not review a claim where a petitioner has not presented his claim to the highest court of the state and the state court to which he would be required to present his claims would now find the claim procedurally barred. *See Coleman v. Thompson*, 501 U.S. 722, 729-31 (1991).

The record reflects that Petitioner failed to raise this claim in state court. Accordingly, the Texas Court of Criminal Appeals has not reviewed the claim. The claim cannot be reviewed by a state court because it is too late to file a petition for discretionary review. If this Court were to require Petitioner to return to state court to exhaust this claim, it would be subject to dismissal.

To overcome the procedural bar established by the abuse-of-the-writ doctrine, a petitioner must demonstrate: (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider the claims will result in a "fundamental miscarriage of justice." *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997) (citing *Coleman*, 501 U.S. at 750). Petitioner has not shown sufficient cause for his failure to present this claim to the Texas Court of Criminal Appeals.

Petitioner has also failed to demonstrate the need to prevent a miscarriage of justice. This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d

635, 644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To establish the required probability that he was actually innocent, a petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show it was more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id.* (citing *Schlup*, 513 U.S. at 327). Petitioner has presented no new, reliable evidence showing that it was more likely than not that no reasonable juror would have convicted him. Petitioner has not overcome the state procedural bar. Accordingly, the procedural default doctrine bars federal habeas relief on Petitioner's claim that his appellate counsel was ineffective for failing to argue that the trial court lacked jurisdiction.

Likewise, Respondent argues Petitioner's claims that (1) the trial court abused its discretion by allowing hearsay testimony which denied Petitioner the right to confrontation; and (2) the evidence was insufficient to support the conviction, are procedurally barred from federal review because the state court's denial of these claims was based on a procedural bar. When the last state court to review a claim clearly and expressly states that its judgment rests on a procedural bar, the procedural default doctrine generally bars federal review. *Coleman*, 501 U.S. at 729-31; *Lowe v. Scott*, 48 F.3d 873, 875 (5th Cir. 1995).

In this case, although Petitioner raised his sufficiency of the evidence claim on direct appeal, he failed to raise the claim in a petition for discretionary review.[1] Accordingly, the Texas Court of Criminal Appeals has not reviewed the claim. The claim cannot be reviewed by a state court because it is too late to file a petition for discretionary review. If this Court were to

---

[1] Although Petitioner attempted to raise this claim on state habeas review, sufficiency of the evidence is not cognizable in a post-conviction writ of habeas corpus. *Ex parte Easter*, 615 S.W.2d 719, 721 (Tex. Crim. App. 1981). *See West v. Johnston*, 92 F.3d 1385, 1398, n.18 (5th Cir. 1996); *Renz v. Scott*, 28 F.3d 431, 432 (5th Cir. 1994).

require Petitioner to return to state court to exhaust this claim, it would be subject to dismissal. Federal courts ordinarily will not review questions of federal law when such a state procedural bar exists.

Petitioner has failed to overcome the procedural bar by showing: (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider his claims will result in a fundamental miscarriage of justice. Accordingly, the procedural default doctrine bars federal habeas relief on this claim.

Finally, Respondent argues in his answer and in his objections to the magistrate judge's findings, conclusions and recommendation that Petitioner's claim that the trial court abused its discretion by allowing hearsay evidence is procedurally barred. The Court finds the claim is not procedurally barred.

Petitioner raised this trial court error claim in his state habeas petitions. The Court of Criminal Appeals denied the petitions "without written order." This denial implies the court accepted the reasoning of the underlying opinion. *See Bledsue v. Johnson*, 188 F.3d 250, 255-57 (5th Cir. 1999) (stating court "looks through" the Court of Criminal Appeals' decision to "the last state court to render a reasoned decision.").

In his objections, Respondent argues that the Court of Criminal Appeals rejected the state habeas court's findings because it denied the habeas petitions "without written order," rather than "without written order on the findings of the trial court." Respondent argues this Court should therefore look to the appellate court's decision to find this claim procedurally barred. Respondent cites no authority for its argument that the Court of Criminal Appeals rejected the trial court's habeas findings. Moreover, this District has consistently found that where the Court

of Criminal Appeals denies a habeas petition "without written order," "its silence implies that it accepted the reasoning of the underlying opinion of the trial court." *See Pruitt v. Cockrell*, No. 3:00-CV-1713-H, 2001 WL 1115339 at *6, (N.D. Tex. Sept. 14, 2001) (finding that where Court of Criminal Appeals denied habeas petition "without written order" it adopted the underlying state habeas trial court's findings of fact); *Borrego v. Johnson*, No. 3:00-CV-391-D, 2001 WL 300551 at *4 (N.D. Tex. March 26, 2001) (same); *Gibbons v. Cockrell*, No. 4:02-CV-960, 2003 WL 21754951 at 8 n.4 (N.D. Tex. July 29, 2003) (same). The Court will therefore look through the Court of Criminal Appeals opinion to the trial court's habeas findings.

For a procedural bar to apply, the state court must "clearly and expressly" state that its judgment rests on a procedural bar. *See Harris v. Reed*, 489 U.S. 255, 262 (1989); *Lowe v. Scott*, 48 F.3d 873, 875 (5th Cir. 1995). The trial court's habeas order states: "Only admissible evidence was presented to the jury during the course of Applicant's trial." *Ex parte Jones*, No. 63,342-01 at 50, No. 63,342-02 at 49. This order does not clearly and expressly rely on a procedural bar to deny this claim.

Further, even if the Court were to look through to the state appellate court's decision, Petitioner's claim is not procedurally barred. On direct appeal, Petitioner did not raise this trial error claim. Instead, he argued the evidence was legally and factually insufficient to support the convictions. In support of these claims, he argued that hearsay evidence was admitted. To the extent the appellate court address the hearsay evidence issue, it stated:

> Appellant did not object at trial to either the police officer's or the doctor's testimony regarding what Holy told them about the assault. Further, all evidence admitted at trial – whether properly or improperly admitted – is considered in reviewing the legal and factual sufficiency of the evidence.

*Jones v. State*, Nos. 05-03-00772-Cr and 05-03-00773-CR Slip op. at 3. The court then reviewed

the legal and factual sufficiency of the evidence claims on the merits. The court did not directly, or in the alternative, clearly and expressly apply a procedural bar to this claim. *See Bledsue,* 188 F.3d at 255-57 ("the mere existence of a procedural default does not deprive federal courts of jurisdiction. Quite to the contrary, to prohibit our collateral review the state court must have *expressly* relied on the procedural bar as the basis for disposing of the case."). The Court therefore finds the claim is not procedurally barred and will address this claim on the merits.

3. **Ineffective Assistance of Counsel**

Petitioner claims he received ineffective assistance of trial and appellate counsel. To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

### (a) Trial Counsel

Petitioner argues his counsel was ineffective for failing to argue that he was denied his Sixth Amendment right to confrontation. Under the Sixth Amendment, a criminal defendant "shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. In this case, the victim died before trial of causes unrelated to the case. At trial, a police officer and a doctor testified regarding statements the victim made when she was taken to the hospital after the assault. Petitioner argues his counsel should have objected that this testimony violated the Confrontation Clause.

At the time of trial, testimonial out-of-court statements were admissible if the court deemed them reliable. *Ohio v. Roberts*, 448 U.S. 56, 66 (1980)).[2] Reliability could be inferred if the evidence fell within "a firmly rooted hearsay objection." *Id*.

In this case, Officer Lapiano testified that she spoke to the victim at Parkland Hospital. (Trial Tr. Vol. 3 at 70). Lapiano stated the victim told her Petitioner had attacked her by punching her in the face, hitting her repeatedly in the head and body with a beer bottle and sexually assaulting her. (*Id*. at 72-73).

Dr. McCrea testified the victim was initially seen in the emergency room, but was transferred to a special gynecological emergency room when it was determined that she had been sexually assaulted. (*Id*. at 93). Dr. McCrea was the OB/GYN doctor who examined the victim in the gynecological emergency room. McCrea testified the victim told him she was sexually

---

[2]In 2004, the Supreme Court in *Crawford v. Washington*, 541 U.S. 36 (2004), overruled *Roberts* and changed the test for the admissibility of certain out-of-court statements. "However, the deficiency prong of an IAC claim 'is judged by counsel's conduct under the law existing at the time of the conduct.'" *Lave v. Dretke*, 416 F.3d 372, 379 (5th Cir. 2005) (quoting *Westley v. Johnson*, 83 F.3d 714, 723 (5th Cir. 1996)).

assaulted. (*Id*. at 97).

On state habeas review, defense counsel submitted an affidavit stating he did not object to these statements because he believed the court would admit the testimony over his objections. *Ex parte Jones*, No. 63,342-01 at 6-8 and -02 at 6-8. Lampiano testified that when the victim made her statements, she appeared to still be under the stress of the attack. (Trial Tr. Vol. 3 at 70). The court may have found the statements were admissible as an excited utterance, or a present sense impression. *See* Tex. R. Evid. 803(1) and (2). Further, the court may have admitted the doctor's testimony as statements made for the purposes of medical diagnosis or treatment. *Id*. at 803(4).

Additionally, defense counsel stated he did not want to draw attention to the victim's statements identifying her attacker. *Ex parte Jones*, No. 63,342-01 at 6-8 and -02 at 6-8. Counsel stated that his theory was to cast doubt on the ability of the victim to identify her attacker. *Id.* Counsel therefore cross-examined witnesses as to whether the victim was disoriented, whether she had any psychiatric issues, and whether she abused drugs or alcohol. (Trial Tr. Vol. 3 at 76-78). Petitioner has not shown that his counsel's conduct fell outside of reasonable trial strategy. *See Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). His claim should be denied.

### (b) Appellate Counsel

#### (1) Sufficiency of the Evidence

Petitioner argues his appellate counsel rendered ineffective assistance of counsel because she failed to argue that the evidence was insufficient to support the conviction. Appellate counsel, however, argued on appeal that: (1) the evidence was insufficient to prove

Petitioner knowingly and intentionally caused the penetration of the victim's sexual organ by Petitioner's sexual organ without her consent; and (2) the evidence was insufficient to prove Petitioner knowingly, intentionally or recklessly caused bodily injury to the victim by striking her with a deadly weapon, to wit, a bottle. Petitioner's claim that his counsel was ineffective for failing to argue the evidence was insufficient to support the convictions is without merit.

### (2) Right to Confrontation

Petitioner agues appellate counsel was ineffective for failing to argue that Petitioner was denied the right to confrontation. To the extent that Petitioner is arguing his appellate counsel was ineffective for failing to argue that trial counsel was ineffective because he failed to raise a confrontation claim, this allegation fails. At the time of trial, *Ohio v. Roberts,* 448 U.S. 56 (1980), defined the standard for analyzing a Confrontation Clause violation. As discussed above, under *Roberts*, Petitioner has not shown that trial counsel's decision not to raise a confrontation claim was outside of reasonable trial strategy. *Wilkerson*, 950 F.2d at 1065.

Further, to the extent Petitioner argues appellate counsel was ineffective for failing to raise a confrontation claim on appeal, this claim also fails. The Supreme Court decided *Crawford* while Petitioner's direct appeal was pending. *Crawford* therefore applied to Petitioner's case on appeal. *See Giles v. California*, ___ U.S. ___, 128 S.Ct. 2678, 2682 (2008). Under Texas law, however, a defendant was required to raise a confrontation claim at trial to preserve a *Crawford* issue on appeal. *See Robles v. State*, 2006 WL 1096971 at *3 n.8 (Tex. Crim. App. Apr. 26, 2006) (unpublished); *Crawford v. State*, 139 S.W.3d 462, 464 (Tex. App. – Dallas 2004, pet. denied). Petitioner did not raise a confrontation claim at trial. Under Texas law his claim was therefore waived and appellate counsel was not deficient for failing to raise

this claim on appeal.

Additionally, Petitioner has failed to show he was prejudiced by appellate counsel's performance. Even if the appellate court had allowed appellate counsel to raise a *Crawford* claim, the claim would not have survived a harmless error analysis.

In *Crawford*, the Supreme Court held that the Confrontation Clause bars testimonial statements of a witness who does not appear at trial unless: (1) he was unavailable to testify; and (2) the defendant had a prior opportunity to cross-examine the witness. *Id*. at 59.

In this case, it is undisputed that the victim was not available at trial. Further, the state does not contend, and the record does not reflect, that Petitioner had a prior opportunity to cross-examine the victim. The Court will therefore analyze the admissibility of the victim's statements regarding both convictions.

### (a) Aggravated Assault

Officer Lampiano testified the victim told her that Petitioner beat her with a beer bottle. (Trial Tr. Vol. 3 at 71-73). Although the Supreme Court has not fully defined what constitutes "testimonial statements," the Court has said that:

> Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

*Davis v. Washington*, 547 U.S. 813, 822 (2006); *see also Crawford*, 541 U.S. at 53 and n.4 (finding statements given in response to structured police questioning qualifies as testimonial).

At the time Lampiano questioned the victim, Petitioner had already been arrested. Therefore the primary purpose of Lampiano's questioning of the victim was likely to establish

past events of the assault for later criminal prosecution. Consequently, the Court considers the victim's statements to Lampiano to be testimonial statements.

Admission of these statements, however, was subject to a harmless error analysis. *See McNac v. State*, 215 S.W.3d 420, 425 (Tex. Crim. App. 2007). In this case, there was ample admissible evidence to show beyond a reasonable doubt that any error in admitting these statements was harmless. *Id.* (finding "improper admission of evidence is not reversible error if the same facts are shown by other evidence which is not challenged).

The state alleged Petitioner committed aggravated assault by intentionally, knowingly or recklessly causing bodily injury to the victim by striking her with a deadly weapon, to wit, a bottle. (Clerk's Record at 2; Tex. Penal Code § 22.02). Clarence Brown testified that he knew Petitioner by sight and that he knew the victim and talked to her almost everyday. (Trial Tr. Vol. 3 at 22, 25). He stated he saw Petitioner beating the victim, and that Petitioner was on top of the victim. (*Id*. at 29). Brown stated he called 911. (*Id*. at 26). Officer Perez testified that when she arrived on the scene, she saw Petitioner "pop up" out of the bushes where the Petitioner lay beaten and unconscious. (*Id*. at 49). As Petitioner exited the bushes, he was in the process of pulling up his pants, and he stated to Officer Perez, "she said we could have sex." (*Id*. at 55). Officers Perez and Lampiano testified that a bloody beer bottle lay next to the victim. (Trial Tr. Vol. 3 at 56, 74). The blood on the bottle was the victim's. (*Id*. at 129-130). The Court finds there was ample admissible evidence for the jury to conclude that Petitioner committed aggravated assault with a deadly weapon against Holy.

      **(2)    Aggravated Sexual Assault**

The state also alleged Petitioner committed aggravated sexual assault by

intentionally and knowingly causing penetration of the victim's sexual organ without her consent, by means of Petitioner's sexual organ, and Petitioner used a deadly weapon, to wit, a bottle. As discussed above, there was sufficient admissible evidence for the jury to conclude that Petitioner used a deadly weapon.

Officer Lampiano testified the victim told her that Petitioner penetrated her vagina with his penis. (*Id*. at 72). The Court finds this statement was testimonial.

Dr. McCrea testified that he was the OB/GYN doctor who examined the victim in the gynecological emergency room when she arrived at Parkland Hospital. The victim told Dr. McCrea that she had been sexually assaulted and that her assailant penetrated her vagina with his penis. (*Id*. at 97, 113).

The Court finds Dr. McCrea's testimony did not violate the Confrontation Clause. *Crawford* excludes only testimonial statements. Statements to physicians in the course of receiving treatment are not considered testimonial statements. *Giles v. California*, ___ U.S. ___, 128 S.Ct. 2678, 2693 (2008). The Court finds the victim's statements were made in the course of receiving treatment, and that admission of these statements did not violate the Confrontation Clause. Therefore there was sufficient admissible evidence to show that Petitioner sexually assaulted Holy.

Petitioner has not shown that had appellate counsel raised a confrontation claim regarding Lampiano's and/or McCrea's testimony regarding the victim's statements there is a reasonable probability that the results of his trial would have been different. His claims should be denied

### 4. Trial Errors

Petitioner argues his appellate counsel was ineffective because she failed to argue that trial errors denied him a fair trial. The only alleged trial error that Petitioner identifies is his claim that the trial court erred in admitting testimony regarding the victim's statements. There were no objections to these statements at trial. Further, as discussed above, Petitioner has not shown that under the law in effect at the time of trial, it was error to admit these statements. His claims should be denied.

### 5. Summary

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

### **RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 14 day of October, 2008.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).